BARBARA J. PARKER, City Attorney, (State Bar No. 069722)
MARIA BEE, Chief Assistant City Attorney, (State Bar No. 167716)
JOHN BURKE, Supervising Deputy City Attorney (State Bar No. 148385)
MONTANA BAKER, Deputy City Attorney (State Bar No. 319491)
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: 510.238.2964
Facsimile: 510.238.6500
Email:   jburke@oaklandcityattorney.org
         mbaker@oaklandcityattorney.org

KATHARINE VAN DUSEN (State Bar No. 276021)
ANTHONY D. RISUCCI (State Bar No. 316587)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-ktv@cpdb.com
         ef-adr@cpdb.com

Attorneys for Defendants
THE CITY OF OAKLAND and SHENG THAO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| LERONNE ARMSTRONG, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF OAKLAND, CALIFORNIA, a public entity; SHENG THAO, an individual,<br><br>    Defendants. | Case No.<br><br>**DEFENDANTS CITY OF OAKLAND AND SHENG THAO'S NOTICE OF REMOVAL**<br><br>Trial Date:        None Set |

**DEFENDANTS CITY OF OAKLAND AND SHENG THAO'S NOTICE OF REMOVAL**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Defendants THE CITY OF OAKLAND and SHENG THAO ("Defendants") file this notice of removal to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441(c), and 1446, *et seq*. In support of this Notice of Removal, Defendants state the following:

### THE STATE COURT ACTION

1. On or about February 5, 2024, Plaintiff LeRonne Armstrong ("Plaintiff") filed a complaint in the California Superior Court for the County of Alameda, Case No. 24CV062749 ("State Court Action"). A true and correct copy of Plaintiff's complaint in the State Court Action is attached hereto as **Exhibit A** ("Complaint").

2. On or about February 14, 2024, Defendants' Counsel informed Plaintiff's Counsel that they were authorized to accept service of the State Court Action Service Package on Defendants' behalf and requested that Plaintiff's Counsel transmit a notice and acknowledgment for signature.

3. On or about February 15, 2024, Plaintiff's Counsel provided copies of the State Court Action Service Package plus two unexecuted notice and acknowledgment forms to Defendants' Counsel.

4. On March 6, 2024, Defendants' Counsel signed and returned the notice and acknowledgment forms for both Defendants pursuant to California Code of Civil Procedure section 415.30, formally accepting service of the State Court Action Service Package. True and correct copies of all process, pleadings, and orders served upon Defendant are attached hereto **Exhibits A-H**.

### TIMELINESS OF REMOVAL

5. As Defendants were served with the Complaint and Summons on March 6, 2024, pursuant to California Code of Civil Procedure section 415.30 subsection (c), Defendants have filed this notice within the 30-day time period required by 28 U.S.C. §1446 (b)(1). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline measured from service of

2
**DEFENDANTS CITY OF OAKLAND AND SHENG THAO'S NOTICE OF REMOVAL**

1  summons and complaint, not from informal receipt of complaint).

## SUBJECT MATTER JURISDICTION

6. Any state-court civil action may be removed if the "district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). When a defendant removes a case based upon federal question jurisdiction, as Defendants do here, courts must examine whether the face of the complaint presents a federal question. *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1185-1186 (9th Cir. 2022), *cert. denied*, 144 S. Ct. 74 (2023) (holding that case was properly removed because the face of complaint presented substantial question of federal law, and further holding that district court properly exercised supplemental jurisdiction over state-law claims that derive from a "common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding").

7. Plaintiff's Complaint pleads two causes of action: (1) First Amendment retaliation brought under 42 U.S.C. § 1983, and (2) retaliation in violation of California Labor Code § 1102.5. **Exhibit A** at 22–26. The first cause of action is pled against both Defendants, with Plaintiff's theory of liability hinging upon *Monell* liability. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

8. This Court has original jurisdiction over Plaintiff's first cause of action for First Amendment retaliation. Section 1983 is a "law of the United States" within the meaning of 28 U.S.C. § 1331. *See* 28 U.S.C. § 1343 (a)(3) (conferring original jurisdiction on district courts to redress the alleged deprivation of Constitutional rights); *see also Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (recognizing that district court had jurisdiction under Section 1331 over Section 1983 claims alleging violations of rights under the United States Constitution).

9. Because the Court has original jurisdiction over Plaintiff's first cause of action, this Court also has supplemental jurisdiction over Plaintiff's second cause of action for retaliation in violation of California Labor Code § 1102.5 under 28 U.S.C. §§ 1367 and 1441(c). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(b).

10. As is clear from the face of the Complaint, Plaintiff's California Labor Code claim arises from the same allegations to the First Amendment Retaliation Claim. In support of both causes of action, Plaintiff alleges: (1) two internal affairs investigation reports included negative findings against Plaintiff in his role as Chief of Police; (2) Plaintiff was placed on administrative leave as a result of those findings; (3) while on leave Plaintiff made various public statements about the head of the Independent Monitoring Team overseeing OPD, Chief Robert Warshaw; and (5) he was terminated from the Chief of Police position, and declined to be rehired, in retaliation for the his speech about Warshaw.[1] **Exhibit A** at 22–26. Both claims, therefore, arise from the same "common nucleus of operative fact" such that he "would ordinarily be expected to try [all of his claims] in one judicial proceeding." *Sauk-Suiattle Indian Tribe*, 56 F.4th at 1186.

11. Accordingly, this Court may, and should, exercise supplemental jurisdiction over Plaintiff's California Labor Code § 1102.5 claim, which arises as part of the same "case or controversy." 28 U.S.C. § 1367(a).

## VENUE

12. The state court action is being removed from the Alameda County Superior Court, California. Venue therefore properly lies in the Northern District of California. *See* 28 U.S.C. §§ 1441(a), 1446(a).

## COMPLIANCE WITH 28 U.S.C. §1446(b)

13. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served on Defendants are filed with this Notice of Removal.

14. Both Defendants consent to and join in this removal.

15. Defendants will promptly file a copy of this Notice of Removal with the Alameda County Superior Court, California in the State Court Action pursuant to 28 U.S.C. §1446(d).

---

[1] No statements made herein are to be construed as an admission by Defendants, who reserve all rights under the Federal Rules of Civil Procedure to respond to Plaintiff's material allegations in a subsequent responsive pleading.

WHEREFORE, Defendants give notice that the this action is hereby removed to this Court.

DATED: March 29, 2024                    COBLENTZ PATCH DUFFY & BASS LLP

By: _____
KATHARINE VAN DUSEN
Attorneys for Defendants
CITY OF OAKLAND and SHENG THAO