BARBARA J. PARKER, City Attorney (SBN 69722)
MARIA BEE, Chief Assistant City Attorney (SBN 167716)
JOHN A. BURKE, Supervising Deputy City Attorney (SBN 148385)
MONTANA BAKER, Deputy City Attorney (SBN 319491)
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: 510.238.2964
Facsimile: 510.238.6500
Email:   jburke@oaklandcityattorney.org
         mbaker@oaklandcityattorney.org

KATHARINE VAN DUSEN (State Bar No. 276021)
OLIVER W. HAMILTON (State Bar No. 340054)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-ktv@cpdb.com
         ef-owh@cpdb.com

Attorneys for Defendants
THE CITY OF OAKLAND and SHENG THAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| LERONNE ARMSTRONG, an individual, | Case No.  3:24-cv-01953-TLT |
| Plaintiff, | **DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THE COURT RETAINING JURISDICTION** |
| v. | |
| THE CITY OF OAKLAND, CALIFORNIA, a public corporation; SHENG THAO, an individual, | |
| Defendants. | |

Defendants City of Oakland and Mayor Sheng Thao submit this supplemental brief in support of the Court retaining jurisdiction over Plaintiff LeRonne Armstrong's whistleblower retaliation claim under California Labor Code § 1102.5 (the "Whistleblower claim") if the Court dismisses his First Amendment claim without leave to amend.

## I. This Court has the authority to retain jurisdiction over the Whistleblower claim.

The Court has the power to exercise supplemental jurisdiction over the Whistleblower claim, even if the First Amendment claim is dismissed. Supplemental jurisdiction under 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy[.]" When the Court dismisses all claims over which it has original jurisdiction, it retains discretion to continue exercising supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction" (emphasis added)). This discretion is guided by consideration of "the values of judicial economy, convenience, fairness, and comity" (the "*Gibbs* factors"). *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (citation omitted). The Ninth Circuit has "consistently upheld decisions to retain pendent claims on the basis that returning them to state court would be a waste of judicial resources." *Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991).

## II. Keeping the claims together advances the *Gibbs* factors, because Plaintiff's claims arise from the same decision and alleged injury.

Both the First Amendment and Whistleblower claims arise from an identical set of facts: Plaintiff's termination as Chief of Police for the Oakland Police Department. Both claims allege that the termination occurred as a result of Plaintiff's statements regarding the Federal monitor's oversight of the department. The claims are not just related but inextricably intertwined, and the balance of the *Gibbs* factors weigh in favor of this Court retaining jurisdiction over Plaintiff's Whistleblower claim for two primary reasons: first, retaining jurisdiction ensures that the claims do not wind up in parallel proceedings in State and Federal Court, and second, the parties and this

Court have structured this case to align with Federal procedures. Also, because Plaintiff intends to seek discovery related to the Federal monitor of the Oakland Police Department, discovery issues will be simplified if the case remains in the Court in which the monitorship is pending.

### A. Plaintiff has not agreed to dismiss the First Amendment claim, which will remain in Federal Court.

Judicial economy and fairness are best served by ensuring the First Amendment and Whistleblower claims remain together. Because Plaintiff has not agreed to dismiss his First Amendment claim, the dismissal is not final as long as Plaintiff has the right to appeal. If the Whistleblower claim is remanded to state court while the Ninth Circuit (or this Court on remand) continues to exercise jurisdiction over the First Amendment claim, two different court systems would be addressing the same factual issue (how Plaintiff's statements factored into Defendants' decision to terminate Plaintiff's employment) and the same alleged harm (Plaintiff's alleged damages resulting from his termination). Not only does this waste judicial resources, requiring both Courts to manage discovery disputes and trial, but it is also unfair to Defendants, who would be forced to defend against two separate actions, each alleging the same injury. A stay of one of the actions would delay finality but would not avoid the long-term harm to Defendants, who would still be forced to defend both actions until both are fully resolved.

Remand also risks inconsistent rulings, both on discovery issues and on the merits. State and Federal juries could reach divergent determinations on identical issues of fact. As long as Plaintiff's First Amendment claim remains in the Federal Court system, this Court should exercise jurisdiction over the Whistleblower claim, to ensure the claims are not prematurely severed.

### B. The Parties have relied on Federal procedures to structure the litigation.

This case has been before the Court for approximately seven months, which is "well within the range the Ninth Circuit has found sufficient to support exercise of supplemental jurisdiction." *Khan v. SAP Labs, LLC*, No. 18-CV-07490-BLF, 2019 WL 5697928, at *7 (N.D. Cal. Nov. 4, 2019) (finding supplemental jurisdiction after case pending for ten months); *see also Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir.1989) ("retention of jurisdiction well served the purposes of judicial economy and efficiency" after case had been in Federal Court only four

months). Over the past several months, the Court has set a case management schedule and addressed a substantive, complex motion, requiring this Court to engage fully with the factual and legal issues underlying this case. *See Khan*, 2019 WL 5697928, at *7; *see also Wienke v. Indymac Bank FSB*, No. 10-CV-4082 NJV, 2011 WL 2565370, at *1 (N.D. Cal. June 29, 2011) (retaining supplemental jurisdiction because "the Court is familiar with the case after ruling on the first motion to dismiss, and to conserve judicial resources and prevent delay").

The Parties have likewise invested time and resources assuming that Federal jurisdiction would continue, including discovery under this Court's General Order 71, a stipulated protective order that follows Federal procedure, and an in-progress ESI protocol based on the Federal model form. The Parties have also fully briefed a motion to dismiss the Whistleblower claim, which would need to be revised and resubmitted (adding time and expense to the litigation) if the Whistleblower claim were remanded to state court. (Defendants could not simply resubmit the motion to dismiss as a demurrer in State Court, because the standards and procedures governing the two motions are different.) Finally, if the case were remanded, the Parties would lose their existing case management schedule, delaying resolution of this matter.

A Federal forum for the Whistleblower claim is also more convenient for all interested parties. The Whistleblower claim is premised upon the alleged financial self-interest of the Federal monitor. *See* ECF No. 1-1 at 27 of 29, ¶ 114. Plaintiff intends to seek discovery regarding the Federal monitorship, which is overseen by the Federal Court. It would be more convenient to negotiate and resolve discovery issues regarding Federal monitorship, as well as to schedule potential hearings that may necessitate the participation or input of the Judge overseeing the monitorship, if the Whistleblower claim remains in Federal Court.

With respect to comity, Defendants recognize the importance of federalism and a state court's interest in adjudicating state law claims, but—other than issues relating to the Federal monitorship—there is nothing novel about the Whistleblower claim. This Court will not be called upon to address new state law issues; it can apply existing Whistleblower law. The *Gibbs* factors weigh in favor of this Court retaining jurisdiction over the Whistleblower claim.

1  DATED: October 22, 2024						COBLENTZ PATCH DUFFY & BASS LLP

						By: 	*/s/ Katharine Van Dusen*
							KATHARINE VAN DUSEN
							Attorneys for Defendants
							THE CITY OF OAKLAND and SHENG THAO

DATED: October 22, 2024

						By:	*/s/ Montana Baker*[1]
							BARBARA J. PARKER
							MARIA BEE
							JOHN A. BURKE
							MONTANA BAKER
							Attorneys for Defendants
							THE CITY OF OAKLAND and SHENG THAO

---

[1] In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.